IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 06-015S |
| | ) | |
| RICHARD PAIVA, JR. | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR REVIEW OF BAIL PENDING SENTENCING

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the defendant's Motion for Review of Bail Pending Sentencing.

Without any legal or factual support, defendant has filed the instant motion asking the Court to grant him bail pending the sentencing currently scheduled for January 5, 2007. This motion should be denied.

Travel

The grand jury returned an indictment charging defendant with assaulting a federal law enforcement officer on February 1, 2006. He was arraigned on February 8th before Magistrate Judge Almond. In addition to noting that Paiva was serving a sentence as a violator, Magistrate Judge Almond held that Paiva should be detained because he was charged with a crime of violence and there was a serious risk defendant would not appear for court proceedings as well as a serious threat defendant would endanger the safety of the community.[1] (Copy of Detention

[1] At that time, defendant was serving a sentence imposed after he had been found to have violated the terms of his supervised release. Paiva had originally been convicted of drug

Order attached). The Pretrial Order established dates for the proceedings.

Defendant, throughout the course of the proceedings, has filed multiple requests for continuance. On March 20, 2006, Paiva requested a continuance of twenty days in order to file pretrial motions and he did so again, on April 18, 2006. Paiva changed his plea to guilty in a hearing held on June 1, 2006. Sentencing was set for August 18, 2006, although the Court *sua sponte* adjusted that date to August 16th in an order dated August 1, 2006. Paiva requested continuances of the sentencing date on three occasions; August 4, 2006 - sentencing was continued until September 29, 2006; September 18, 2006 - sentencing was continued until November 17, 2006; and November 8, 2006 - sentencing was continued until January 5, 2007. Now, without any supporting law or facts, defendant asks the Court to grant him bail as he has completed his sentence on his original drug trafficking offense imposed as a result of his second violation of the terms of his supervised release. The motion should be denied.

Local Rule Cr 47 provides, in relevant part:

> [E]very motion except a motion to extend time or motion to compel discovery shall contain a short and plain description of the requested relief and shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion. (Emphasis added).

At best, defendant has alluded to arguments he might make in some future filing. He does not provide the Court or the government with any legal or factual bases which support the "argument" he claims he wishes to preserve, *i.e.,* "that the court take into account the time he

---

trafficking and had a period of supervised release imposed by Senior Judge Lageuex as part of his original sentence. On January 11, 2006 Senior Judge Lageuex found Paiva had violated the terms of his supervised release and sentenced Paiva to an additional term of 18 months on his original drug trafficking sentence.

served on the violation matter which was predicated upon the same conduct which forms the basis for the instant matter." Given this lack of supporting memorandum, it is difficult, at best, for the government to respond. However, assuming defendant seeks to argue that because one of the three acts which were found to have constituted violations of the terms of his supervised release, is also the conduct which supports the instant indictment and thus, the sentence imposed for the violation should be credited against any sentence he receives in the instant matter, he is wrong.

First and foremost, Paiva has failed to present any change in circumstances which would justify the Court revisiting the findings made by Magistrate Judge Almond as to detention. Defendant has failed to show why he is no longer a flight risk or a danger to the community as he was found to be by Magistrate Judge Almond. It is his burden to show some change in circumstances such that those findings are no longer valid. He has provided nothing.

In addition, as the Court is aware, the sentence which Senior Judge Lageuex imposed for defendant's violation of the terms of his supervised release is a sentence for the conduct for which he was originally found guilty, *i.e.,* drug trafficking, not for any activity which constituted a supervised release violation. The various circuits which have considered this have clearly held that the original term of imprisonment and the term of imprisonment imposed upon a revocation of probation or parole are considered a single sentence. United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2nd Cir. 2002) ("[I]mposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence, and must be considered part of the 'actual sentence imposed' for the original offense."); United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001) (post-conviction penalties are attributed to the original conviction); United States v.

Latimer, 991 F.2d at 1515 (the combined sentence of the original term and the revoked term counts as a single sentence). That Paiva has completed his term of imprisonment added to his original term is irrelevant to the Court's determination of whether he should be granted bail on the instant charge.

In the absence of any developed argument by defendant, the government can not respond further. For all of the foregoing reasons, this motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephanie S. Browne

STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 13th day of December, 2006, I caused to be served a true copy of the Government's Response to Defendant's Motion for Review of Bail Pending Sentencing by Notice of Electronic Filing, to: George J. West at email address Georgew180@aol.com via the USDC CM/ECF.

_/s/ Stephanie S. Browne

STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
stephanie.browne@usdoj.gov